■      WESTCHESTER NURSING HOME, INC., Petitioner, v. HOLLIS S. INGRAHAM, as Commissioner of Health of the State of New York, et al., Respondents.— Proceeding pursuant to article 78 of the CPLR to review a determination of the respondent State Commissioner of Social Services, dated December 21, 1972, which, with respect to petitioner's nursing home in the City of Mount Vernon and after a hearing, refused to grant petitioner " a waiver of the relevant provisions of the Life Safety Code of the National Fire Protection Association (21st Ed., 1967) " and to certify petitioner " as a provider of skilled nursing home care " under the State " Medicaid " program established under title XIX of the Federal Social Security Act (U. |S. Code, tit. 42, § 1396a et seq.). Determination confirmed, without costs (Matter of Miramichi Nursing Home v. Lavine, 42 A D 2d 570). The stay granted in the order to show cause of the Special Term, Westchester County, dated January 8, 1973, instituting this proceeding, which stay is deemed a stay of all action by respondents in furtherance of the determination under review, shall be deemed in effect and continued until four months after entry of the order to be made hereon, and for a further period, conditionally, as follows: 1. If, prior to the expiration of the four-month continuation of the stay petitioner shall (a) complete the " Specified Correction " hereinafter set forth and (b) submit to the respondent State Commissioner of Social Services a written application for a waiver and a continued certification as a provider of skilled nursing home care, based upon proof of completion of the " Specified Correction ", the stay shall be further continued pending determination by said commissioner of said application, which application we direct shall be granted by him upon ascertainment that the " Specified Correction " has in fact been made. 2. The Specified Correction is as follows: Install an automatic sprinkler system throughout the facility in accordance with section 10–234 of the Life Safety Code (21st ed., 1967). Petitioner is the operator of one of the " Maxwell " nursing homes (Maxwell v. Wyman, 458 F. 2d 1146) which were originally decertified by the State Department of Social Services at the end of 1971 for failure to comply with the requirements of the Life Safety Code of the National Fire Protection Association as required by title XIX of the Social Security Act (U. S. Code, tit. 42, § 1396a, subd. [a], par. [28], cl. [F], subcl. [i]; Code of Fed. Reg., tit. 45, § 249.33, subd. [a], par. [1], cl. [vii]). (See Matter of Maxwell v. Lavine, 41 A D 2d 346.) By Federal court action, however, these decertifications were stayed pending hearings concerning whether a waiver of the applicable sections of the Life Safety Code should be granted (Maxwell v. Wyman, supra). Waiver is allowed where unreasonable hardship is shown and the waiver will not adversely affect the health and safety of the patients (U. S. Code, tit. 42, § 1396a, subd. [a], par. [28], cl. [F], subcl. [i]). We are of the opinion that there was substantial evidence that petitioner was violating sections 10–1322 and 10–2341 of the Life Safety Code in that its building was not of at least two-hour fire-resistive construction and did not have an automatic sprinkler system. Under the circumstances, a waiver was needed (see Kruger v. Ingraham, 42 A D 2d 983) and, on the evidence presented at the hearing, the Commissioner of Social Services properly concluded that (as the facility is presently con-

stituted) petitioner had failed to establish that a waiver would not adversely affect the health and safety of the patients (*Matter of Miramichi Nursing Home* v. *Lavine*, 42 A D 2d 570, *supra*). However, we note that the facility has been continuously licensed to petitioner by the State since 1947. It is protected by an automatic heat detection system with a coded alarm. The alarm alerts the local Fire Department that an emergency is emanating from this nursing home, necessitating extra men and equipment. The Mount Vernon Fire Department is all-professional and has a station three blocks from the home. There are no Fire Department violations outstanding. Petitioner adduced extensive evidence of other fire protection systems and devices. James P. Regan, a recognized fire protection expert, testified that as presently constituted the home does not pose a hazard to the patients and does not adversely affect their health and safety. He also testified that if a home does not meet the two-hour fire-resistive construction requirement of section 10–1322 of the Life Safety Code, equivalent protection is afforded by a full sprinkler system. Petitioner evinced a willingness to install a sprinkler system. In connection with the issuance of the facility's current operating certificate, the State Health Department's Regional Director certified that the home complied substantially with all standards. The State Hospital Code, which took effect in 1966, does not mandate a sprinkler system. Subdivision (1) of section 711.5 thereof states that "Each existing nursing home shall have a satisfactory sprinkling and/or a fire detecting system with an alarm connection installed in a manner acceptable to the department" (10 NYCRR 711.5, [1]). At the conclusion of the hearing, petitioner's counsel stated that the State Health Department never told petitioner to install a sprinkler system. It is thus clear that although the determination under review must be confirmed, the facility as presently constituted does meet the standards of the State Health Department with respect to non-Medicaid patients. Under all the circumstances, in the interests of justice, we are granting a limited continuation of the stay in order to afford petitioner an opportunity to promptly make those Life Safety Code corrections which can reasonably be made, i.e., the above-mentioned "Specified Correction" — which, if originally expressly and clearly required by respondents of petitioner, might have obviated the hearing which was held and these legal proceedings. Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.